a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARL JOHNSON,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-1474 "P" |
| VERSUS | CHIEF JUDGE DRELL |
| RAYMOND LABORDE<br>CORRECTIONAL CENTER, ET<br>AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Carl Johnson ("Johnson") (#223075). Johnson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana.

Because Johnson has failed to allege a physical injury, his complaint should be dismissed.

I. **Background**

Johnson is presently housed in the cellblock. (Doc. 1-2, p. 3). Johnson alleges that medications are distributed in the cellblock by officers instead of licensed nurses. (Doc. 1). Johnson complains that officers might distribute the wrong medication, which could cause him harm. (Doc. 1-2, p. 7).

II. Law and Analysis

A. Johnson's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Johnson is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Johnson's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Johnson's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

B. Johnson has not alleged a physical injury.

Johnson complains that allowing officers to distribute medication could potentially cause him harm if an officer makes an error. "No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of

physical injury." 42 U.S.C. § 1997e(e). The physical injury required by § 1997e(e) must be more than *de minimis*, but need not be significant. See Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was *de minimis* and would not support a claim for mental or emotional suffering)).

Johnson claims that his life is in danger because an officer could potentially make an error. Johnson cannot recover damages because he has not alleged a physical injury from the officers' distribution of medication. See Alexander v. Tippah Cty., Miss., 351 F.3d 626, 631 (5th Cir. 2003) (no physical injury alleged from confinement in isolation cell with no running water, mattress, or toilet); Ordaz v. Lynaugh, 20 F.3d 1171, No. 93–4290, 1994 WL 144882, at *4 (5th Cir. 1994) (denial of recreation with no health impairment or physical injury alleged fails to state constitutional claim); Reyes v. Hale Cty. Jail, 5:03-CV-180, 2003 WL 22670929, at *3 (N.D. Tex. Sept. 16, 2003) (no physical injury from the alleged distribution of medication by a jail inmate).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Johnson's complaint be DENIED and DISMISSED with prejudice pursuant to under § 1915(e)(2)(b), § 1915A, and § 1997e(e).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __19th__ day of December, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge